UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **Meng Vang,** | Civil No. 11-CV-90 (SRN/AJB) |
| Petitioner, | **ORDER** |
| v. | |
| **Joan Fabian, Commissioner,** | |
| Respondent.[1] | |

Meng Vang, #225200, MCF - Stillwater, 970 Picket Street North, Bayport, Minnesota 55003, pro se petitioner

Kimberly R. Parker and Matthew Frank, Minnesota Attorney General's Office, 445 Minnesota Street, Suite 1800, St. Paul, Minnesota 55101; Marcy S. Crain, Anoka County Attorney's Office, 2100 Third Avenue North, Anoka, Minnesota 55402, for Respondent.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on the Report and Recommendation ("R&R") of Chief United States Magistrate Judge Arthur J. Boylan dated September 30, 2011 [Doc. No. 26]. In the R&R, Chief Magistrate Judge Boylan recommended the denial of Petitioner's Petition for a Writ of Habeas Corpus [Doc. No. 1] and the denial of Petitioner's related Motion for Default, Summary Judgment and Declaratory Judgment [Doc. No. 17]. Consequently, Chief Magistrate Judge Boylan recommended the dismissal with prejudice of this cause of action. Petitioner filed a timely objection to the R&R. (Objections [Doc. No. 29].)

---

[1] At the time that Petitioner filed his habeas petition, Joan Fabian, the named respondent, served as the Minnesota Commissioner of the Department of Corrections. Tom Roy succeeded Ms. Fabian as Commissioner in January 2012, and pursuant to Fed. R. Civ. P. 25(d), may be substituted as the named respondent.

1

According to statute, the Court must conduct a de novo review of any portion of the Magistrate Judge's opinion to which specific objections are made. 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). Based on that de novo review, the Court adopts the R&R.

Petitioner Meng Vang was convicted on twelve criminal counts, including two counts of aiding and abetting murder for the benefit of a gang in the shooting deaths of two men, and four counts of attempted first-degree murder in the shooting injuries of four others. See State v. Vang, 774 N.W.2d 566, 571 (Minn. 2009). He is currently incarcerated at the Minnesota Correctional Facility in Stillwater ("MCF-Stillwater"), where he is serving two life terms and consecutive 186-month sentences. In his direct appeal before the Minnesota Supreme Court, Vang appealed several issues: the admissibility of the prosecution's expert testimony on gangs; the use of certain jury instructions; certain evidentiary rulings; the sufficiency of the evidence; and the imposition of consecutive sentences. Id.

In his § 2254 habeas petition, filed in January 2011, Vang asserts four grounds of relief: unconstitutional search and seizure; illegal arrest; ineffective assistance of counsel; and denial of the right to a speedy trial. The R&R recommended denial of Vang's habeas corpus petition, and related motions, and dismissal of the action with prejudice because Petitioner had procedurally defaulted his state claims. The R&R also examined Petitioner's claims on the merits, found that they failed and recommended their dismissal. In his Objections to the R&R, Petitioner emphasizes that the various grounds asserted in his petition all relate to the ineffective assistance of counsel at both the trial and appellate stages in state court. (Objections at 1 [Doc. No. 29].)

As the R&R discussed, a federal court may not hear a claim that was not specifically and

clearly raised in an underlying state proceeding. Federal habeas relief is an extraordinary and very limited remedy, restricted to vindicating a state court's failure to follow federal law, whether statutory or constitutional, or correcting a state court's egregious factual errors. See 28 U.S.C. § 2254(d) (restricting federal habeas review to state-court adjudications that "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or of state-court decisions that were "based on an unreasonable determination of the facts in light of the evidence presented . . .").

A habeas corpus petitioner must exhaust the applicable remedies available in state court prior to filing an application for a writ of habeas corpus. See 28 U.S.C. § 2254(b). The Supreme Court has likewise held that a state prisoner seeking federal habeas relief must first exhaust his or her state court remedies. Walker v. Martin, 131 S. Ct. 1120, 1127 (2011).

Vang did not raise the issues in his habeas petition before the state court, and therefore failed to exhaust his remedies. Moreover, as Chief Magistrate Judge Boylan correctly observed, Vang would be unable to utilize state post-conviction procedures, because he needed to seek such relief no more than two years after the Minnesota Supreme Court decided his appeal. Minnesota law requires that criminal defendants utilize state post-conviction procedures no more than two years after an appellate court's disposition of a petitioner's direct appeal, or the entry of judgment of conviction or sentence if no direct appeal is filed. Minn. Stat. § 590.01, Subd. 4. In other words, a constitutional claim is procedurally defaulted if the state courts will no longer review it because an independent and adequate state procedural rule precludes further litigation of the claim. Coleman v. Thompson, 501 U.S. 722, 750 (1991). The Minnesota Supreme Court

ruled on Vang's direct appeal on October 29, 2009, see Vang, 774 N.W.2d at 566, and there is no evidence demonstrating that Vang filed a petition for state post-conviction relief within the required time period, that is, by late 2011.

As stated in the R&R, a federal court is barred from hearing defaulted claims on a habeas petition unless the prisoner can show "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." (R&R at 10) (citing Coleman, 501 U.S. at 750). "Cause" is limited to something external to the petitioner that cannot fairly be attributed to him, such as showing that the legal or factual basis for a claim was not reasonably available to counsel. Coleman, 501 U.S. at 753. Vang's stated reason for failing to raise his claims before the state court is ignorance of the law. Applying the Supreme Court's language from Coleman, the Court finds that ignorance of the law is not so "external" to Petitioner as to avoid its attribution to him and, therefore, does not constitute "cause." Courts have reached the same conclusion with respect to petitioners' claims of the ignorance or inadvertence of counsel in failing to raise certain claims at the state court level. See Coleman, 501 U.S. at 752 (holding that ignorance or inadvertence on the part of a petitioner's attorney is not "cause," as the attorney acts as the petitioner's agent and the petitioner bears the risk of attorney error); Maynard v. Lockhart, 981 F.2d 981, 984 n.2 (8th Cir. 1992) (noting that counsel's erroneous or inadvertent failure to raise allegations in state post-conviction proceedings does not constitute "cause" sufficient to excuse the procedural default of the unraised allegations).

"Prejudice" requires the showing of errors at trial that worked an "actual and substantial disadvantage, infecting [the] entire trial with error of constitutional dimensions." Armstrong v.

Kemna, 590 F.3d 592, 606 (8th Cir. 2010) (emphasis in original), cert. denied, 130 S. Ct. 3369 (2010).  The "fundamental miscarriage of justice" exception requires a showing, based on new evidence, that a constitutional violation has probably resulted in the conviction of a person who is actually innocent.  Brownlow v. Groose, 66 F.3d 997, 999 (8th Cir. 1995), cert. denied, 516 U.S. 1161 (1996).  There is no showing here of actual and substantial disadvantage rising to the level of prejudice, nor has Petitioner cited to new evidence that would trigger the fundamental miscarriage of justice exception.

Accordingly, this Court concludes that Vang's claims must be dismissed because they are unexhausted and procedurally defaulted.  There is no evidence before this Court to suggest cause and actual prejudice or a fundamental miscarriage of justice to overcome the procedural default of these claims.  Moreover, even assuming that Vang's claims were not procedurally defaulted, the R&R examined the claims on the merits and correctly found no constitutional violations.  For all of these reasons, as the R&R recommends, the Court must dismiss Petitioner's claims with prejudice.[2]

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Chief Magistrate Judge Boylan's Report and Recommendation [Doc. No. 26] is **ADOPTED**;
2. Vang's Motion for Default, Summary Judgment, and Declaratory Judgment [Doc. No. 17] is **DENIED**;
3. Vang's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [Doc. No. 1] is **DENIED**; and
4. This action is **DISMISSED with prejudice**.

---

[2] The Court also agrees with the R&R's recommendation to deny Vang's Motion for Default, Summary Judgment and Declaratory Judgment [Doc. No. 17].  For the reasons stated in the R&R (R&R at 11, n.3 [Doc. No. 26]), the arguments asserted by Vang in that motion are without merit.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:   February 21, 2012

              <u>s/Susan Richard Nelson</u>
              SUSAN RICHARD NELSON
              United States District Judge